Steven L. Yarmy, Esq.
Nevada Bar No. 8733
Citizens for Consumer's Rights
1500 E. Tropicana, Suite 102
Las Vegas, Nevada 89119
(702) 967-0442
(702) 586-3690 FAX
sly@stevenyarmylaw.com
*Attorney for the Debtor*
 *and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 10-26703-LBR |
| SANTIAGO SERRANO-LOPEZ | Chapter 13 |
| Debtors | **Hearing Date: 3/2/2011**<br>**Hearing Time: 11:00 AM** |

### <u>OPPOSITION TO MOTION FOR RELIEF AUTOMATIC STAY (DOC#38)</u>

The above captioned Debtor opposes the motion for relief from automatic stay (DOC#38) as

filed by US BANK NA ("Creditor") relating to property commonly known as 1428 Helen Belle

Drive, Las Vegas, Nevada 89110.

In support of this opposition, the Debtors rely on the following memorandum of points and

authorities, the pleadings and papers on the file herein, and the oral arguments of counsel which this

court may consider at hearing on the motion.

Dated: March 1, 2011

**/s/ Steven L. Yarmy**

Steven L. Yarmy, Esq.
Nevada Bar No. 8733
sly@stevenyarmylaw.com
*Proposed Attorney for the Debtor*
 *and Debtor-in-Possession*

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

3

On September 1, 2010, the Debtor filed a case under Chapter 13 in the United States

Bankruptcy Court for the District of Nevada.

4

5

The Property, which is not Debtor's residence, is necessary to an effective reorganization

6

because the Debtor considers his interest in the property as part of his efforts to lease rental

7

properties. These efforts are part of his reorganization. Therefore, relief should not be granted under

8

Code § 362(d)(2).

9

Because Creditor has not offered any appraisal into evidence, there is no proof of equity, or

10

lack of equity, in the Property. Therefore, relief should not be granted under Code § 362(d)(2).

11

Because Creditor has not offered any appraisal into evidence, there no proof of a decrease in

12

value of the Property. Therefore, Creditor has not met its burden to prove that the Property is

13

depreciating in value in order to insist, pursuant to Code section 362(d)(1), on adequate protection

14

payments (*See* In re Southern Illinois Railcar Co., 301 B.R. 305 (Bankr. S.D. Ill. 2002). (creditor

15

presented no evidence that railcars were decreasing in value); and In re Our Secret, Ltd., 282 B.R.

16

697 (Bankr. D. N.M. 2002) (no evidence of continuing depreciation of value of property presented

17

that would justify an award of adequate protection). Accordingly, because Creditor has offered no

18

proof of the Property depreciating in value, adequate protection payments are not required.

19

Additionally, Debtor is in the process of converting his Case to a Case under Chapter 11,

20

which the hearing is set for March 9, 2011 at 2:00pm. The debtor was given bad advice and should

21

22

have been in a Chapter 11 from the start.

23

An undersecured creditor is not entitled to Adequate Protection Payments let alone post-

24

petition interest. It is the Creditors burden to show that the property is depreciating in value and

25

26

continuing to depreciate. Absent proof this Motion should be denied. *In re Weinstein*, 227 B.R. 284

27

(B.A.P. 9th Cir., 1998).

28

In *Toibb v. Radloff*, 501 U.S. 157, 161, 111 S.Ct. 2197, 2199, 115 L.Ed.2d 145 (1991), the Supreme Court expressly rejected the argument that individual debtors could not file a petition under Chapter 11. The Court found nothing in the language of the Bankruptcy Code which precluded individuals from reorganizing consumer debt under Chapter 11. Id. However, even prior to the Toibb decision, we permitted modification of home mortgages in Chapter 11. See *Warner v. Universal Guardian Corp.* (In re Warner), 30 B.R. 528 (9th Cir. BAP 1983).

The debtor intends to file Motions to Value once the case is converted to a Chapter 11. The Debtor intends to file a Disclosure Statement and Plan within 60 days of the entry of the Order on the Debtors Motion to Value.

With exceptions not pertinent here, § 506(d) states: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." 11 U.S.C. § 506(d) (emphasis added). Thus, § 506(d) operates to strip the undersecured creditor's lien from its unsecured claim, in effect reducing the creditor's lien to the present value of the collateral. *Dever v. I.R.S.* (In re Dever), 164 B.R. 132, 145 (Bankr.C.D.Cal.1994) ("lien-stripping under Section 506(d) is available in Chapter 11"); accord Jones, 152 B.R. at 172-77.

**ADEQUATE PROTECTION**

Adequate protection is provided to safeguard the creditor against depreciation in the value of its collateral during the reorganization process. 11 U.S.C. § 361(1). See Paccom Leasing Corp. v. Deico Elecs., Inc. (In re Deico Elecs., Inc.), 139 B.R. 945, 947 (9th Cir. BAP 1992). If the value of the collateral decreases, the creditor is entitled to cash payments so that the value of its interest in the collateral remains constant. 11 U.S.C. §§ 362(d)(1) and 361(1); see also In re Addison Properties Ltd. Partnership, 18,5 B.R. 766 (Bankr.N.D.Ill.1995). Thus, the amount by which the collateral depreciates is the amount of adequate protection to which the secured creditor is entitled. Deico Elecs., 139 B.R. at 947. As the Supreme Court explained in Timbers, adequate protection payments

1   cannot be used to compensate the creditor for lost interest or to provide lost opportunity costs. 484

2   U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740.

3          The majority of courts have held that payments intended to provide adequate protection

4   should be credited toward reducing the secured portion of the creditor's total claim where there is no

5   depreciation in the value of the collateral. See Spacek, 112 B.R. at 165 (concluding that applying

6   pre-confirmation payments towards the unsecured portion of the claim is an unauthorized transfer

7   under 11 U.S.C. § 549); In re B & B West 164th Street Corp., 147 B.R. 832, 840-41

8   Bankr.E.D.N.Y.1992) (same); In re Immenhausen Corp., 16,4 B.R. 347 (Bankr.M.D.Fla.1993); In re

9   Reddington/Sunarrow Ltd. Partnership, 119 B.R. 809, 813 (Bankr.D.N.M.1990); John Fabick

10  Tractor Co. v. Maun (In re Maun), 95 B.R. 94, 96 (Bankr.S.D.Ill.1989); In re Canaveral Seafoods,

11  Inc., 79 B.R. 57, 58-59 (Bankr.M.D.Fla.1987).

12         Legal commentators considering the question have reached a similar conclusion. See 3

13  COLLIER ON BANKRUPTCY § 361.032a (because adequate protection payments replace the lost

14  value of collateral, "the better approach is to credit the payments against the secured claim rather

15  than the unsecured claim"); David Gray Carlson, Adequate Protection Payments And The Surrender

16  of Cash Collateral In Chapter 11 Reorganization, 15 CARDOZO L. REV. 1357, 1372 (1994)

17  (adequate protection payments should reduce the secured claim and the total claim; the unsecured

18  claim unaffected by adequate protection payments). We adopt the majority view and conclude that

19  post-petition, pre-confirmation payments made on non-depreciating collateral must be allocated to

20  reduce the secured portion of the creditor's claim.

21  In re Weinstein, 227 B.R. 284 (B.A.P. 9th Cir., 1998).

1       WHEREFORE, Debtors request that this Court deny the motion of Creditor for the foregoing

2   reasons.

3

4   **/s/ Steven L. Yarmy**
    Steven L. Yarmy, Esq.
5   Nevada Bar No. 8733
    Citizens for Consumer's Rights
6   1500 E. Tropicana, Suite 102
    Las Vegas, Nevada 89119
7   (702) 967-0442
    (702) 586-3690 FAX
8   sly@stevenyarmylaw.com
    *Attorney for the Debtor*
9    *and Debtor-in-Possession*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3        Pursuant to Fed.R.Bankr.P. 2002 and LR 2002, I certify that I am an employee of Citizens for

4    Consumer's Rights and on June 8, 2010, I served a true and correct copy of the DEBTORS

5    OPPOSITION AND TO MOTION FOR RELIEF OF STAY to the following via the courts CM/ECF

6    system to:

7    GREGORY L. WILDE on behalf of Creditor US BANK NATIONAL ASSOCIATION
     bk@wildelaw.com

8
     and
9
     US TRUSTEE
10
     RICK A. YARNALL
11   ecfmail@LasVegas13.com, ecfimport@lasvegas13.com

12

13   /s/ Chris Craig
     Paralegal
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28